# In the United States Court of Federal Claims

No. 16-257
Filed: January 10, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NICHOLAS HINDMAN, | 5 U.S.C. § 5754 (Federal Workforce Flexibility Act of 2004— Retention Bonuses); Jurisdictional Facts. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OPINION AND ORDER REGARDING JURISDICTIONAL FACTS REQUIRED. [1]

On February 24, 2016, Plaintiff filed a Complaint in the United States Court of Federal Claims alleging that the United States Department of Veteran's Affairs (the "VA") engaged in an unlawful personnel action. Compl. at ¶ 13. The February 24, 2016 Complaint alleges that the Office of Personnel Management ("OPM") authorized the Edward Hines Jr. VA Hospital (the "VA Hospital") to pay "retention bonuses," pursuant to 5 U.S.C. § 5754. Compl. at ¶ 6. The Complaint appears to allege that the VA Hospital implemented a group "retention bonus" for Law Enforcement Officers ("LEOs"), conditioned on completing 90 days of employment and Law Enforcement Training. Compl. at ¶ 6. The February 24, 2016 Complaint also alleges that Plaintiff was employed by the VA Hospital as a LEO, completed Law Enforcement Training, and was employed for ninety days. Compl. at ¶ 7. The February 24, 2016 Complaint alleges, however, that Plaintiff was not paid a "retention bonus" for the period of April 1, 2010 through November 20, 2011. Compl. at ¶ 10. The February 24, 2016 Complaint also alleges that Plaintiff was employed by the VA Hospital as a LEO from January 3, 2010 to January 3, 2016, but does not address whether or not Plaintiff received a "retention bonus" for any of the time he was employed as a LEO after November 20, 2011. Compl. at ¶ 5.

---

[1] The relevant facts discussed herein were derived from: the February 24, 2016 Complaint ("Compl."); the Exhibits attached to the Government's August 2, 2016, Motion To Dismiss ("Gov't Mot. Exs. A–C"); and the Exhibits attached to Plaintiff's August 17, 2016 Response ("Pl. Resp. Exs. A–C")

The VA Directive And Handbook 5007/46, *Pay Administration* (the "VA Handbook"), provides that "approving officials," including "Medical Center Directors," may authorize, in writing, the payment of "retention incentives," *i.e.*, "retention bonuses," authorized by the OPM, pursuant to 5 U.S.C. § 5754. VA Handbook pt. VI, ch. 3 §§ 1, 5(e). The VA Handbook also provides that "all employees who are authorized to receive ["retention bonuses"] in installments or as a lump sum, are authorized to receive a ["retention bonus"] greater than 25 percent, *or who are covered by a group authorization*" must sign a written Retention Service Agreement. VA Handbook pt. VI ch. 3, § 11 (emphasis added).

Plaintiff submitted for the record a letter from an "Acting Hospital Director" who stated that:

> Based on [Plaintiff's] records he would have become eligible to receive [a "retention bonus"] after April 1, 2010, after he completed the Law Enforcement Training Center and reached his 90th day of employment. The first pay period following this date began on April 10, 2010. However[,] according to the review, [a "retention bonus"] was not made effective for [Plaintiff] until November 20, 2011.

Pl. Resp. Ex. B.

In addition, Plaintiff filed an Equal-Employment Opportunity Act ("EEOA") Complaint alleging that another VA Hospital employee received a "retention bonus," suggesting that "retention bonuses" were paid to other employees at the VA Hospital. Gov't Mot. Ex. A. at 2.

On August 2, 2016, the Government filed a Motion To Dismiss the February 24, 2016 Complaint on jurisdictional grounds. The court, however, requires the following documents to adjudicate this issue: (1) the VA Hospital's group authorization of "retention bonuses" for LEOs; (2) the Retention Service Agreement signed by Plaintiff; and (3) any relevant documents concerning the VA Hospital's "retention bonus" policy. *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged.").

For these reasons, the Government will provide the court with the aforementioned documents on or before March 10, 2017.

**IT IS SO ORDERED.**

                                                   s/ Susan G. Braden
                                                   **SUSAN G. BRADEN**
                                                   **Judge**