# In the United States Court of Federal Claims

No. 16-257
Filed: February 28, 2017

*******************************************
|  |  |
|---|---|
| NICHOLAS HINDMAN, | 5 U.S.C. § 5754 |
|  | (Federal Workforce |
| Plaintiff, | Flexibility Act of 2004— |
|  | Retention Bonuses); |
| v. | 28 U.S.C. 1491 (Tucker Act |
|  | Jurisdiction). |
| THE UNITED STATES, |  |
|  |  |
| Defendant. |  |

*******************************************

## MEMORANDUM OPINION AND ORDER

On February 24, 2016, Mr. Nicholas Hindman ("Plaintiff") filed a Complaint in the United States Court of Federal Claims. ECF No. 1. On August 2, 2016, the Government filed a Motion To Dismiss. ECF No. 10.

On January 10, 2017, the court issued a Memorandum Opinion And Order Regarding Jurisdictional Facts Required. *See Hindman v. United States,* No. 16-257, 2017 WL 104489, at *1 (Fed. Cl. Jan. 10, 2017). By that Order, the court informed the Government that the court required certain documents to adjudicate the issue of jurisdiction, including: (1) the Edward Hines Jr. Hospital's ("the VA Hospital") Group Authorization of "retention bonuses" for law enforcement officers ("LEOs"); (2) the Retention Service Agreement, signed by Plaintiff; and (3) any other relevant documents concerning the VA Hospital's "retention bonus" policy. *Id.*

On January 25, 2017, Plaintiff filed a Supplemental Exhibit in Response to the Government's August 2, 2016 Motion To Dismiss ("Pl. Mot."), attaching an August 14, 2008 "Revised Letter" to a newly hired LEO, as evidence of the VA Hospital's retention policy. Pl. Mot. Ex. 1. In that Response, Plaintiff also requested an amendment to the court's January 10, 2017 Order to direct the Government to submit: "All documents reflecting the payment of retention incentive payments (and the amount thereof) paid to Police Officers hired and employed at Edward Hines Jr. VA Hospital for each year during the period 2008 to the present." Pl. Mot. at 1. In the alternative, Plaintiff requested leave to propound a request for production of the aforementioned documents, to supplement Plaintiff's August 17, 2016 Response to the Government's August 2, 2016 Motion To Dismiss. Pl. Mot. at 2.

On February 3, 2017, the Government filed a Reply ("Gov't Reply"), arguing that the documents requested by Plaintiff are not relevant to the jurisdictional issues before the court, because "whether or not the VA provided discretionary retention payments to any other employees has no bearing on whether such payments were mandated by the statute." Gov't Reply at 4. Moreover, the documents requested by Plaintiff are not relevant to the jurisdictional issue before the court, because the applicable portion of the Federal Workforce Flexibility Act, 5 U.S.C. § 5754, is not "money-mandating," even if every other employee at the VA Hospital received a retention bonus payment. Gov't Reply at 4. Tucker Act jurisdiction requires that the statute and implementing regulations be such that they can "fairly be interpreted as mandating compensation." *Roberts v. United States*, 745 F.3d 1158, 1162 (Fed. Cir. 2014). If the relevant statute and regulations are not money mandating, the court does not have jurisdiction under the Tucker Act to adjudicate the claims alleged by the February 24, 2016 Complaint, even if other employees were paid retention payments.[1]

As to the issue of whether the documents requested by the court are relevant, when determining whether a statute is "money-mandating," the court may read the statute in combination with the implementing regulations and agency directives. *See Roberts*, 745 F.3d at 1166. In *Roberts*, the United States Court of Appeals for the Federal Circuit held that the Overseas Differential and Allowances Act, 5 U.S.C. § 5923, and implementing regulations, promulgated by the Department of State and the Department of Defense, and an Order issued by a Marine Corps Commander ("the Order"), together evidenced that the Overseas Differential and Allowances Act was money-mandating. *Id.* This was because the Order compelled payment under the Overseas Differential and Allowances Act when certain conditions were met, even though that Act and implementing regulations used discretionary language. *Id.*

In this case, the relevant provision of the Workforce Flexibility Act, 5 U.S.C. § 5754, could have a money-mandating effect, if the VA Hospital's Group Authorization for retention bonuses mandates payment, if certain conditions are met. And, if Plaintiff met those conditions—*e.g.,* if he signed a Retention Service Agreement—then Plaintiff would be "within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Service, Inc. v. F.A.A.*, 424 F.3d 1299, 1307 (Fed. Cir. 2008).

---

[1] Plaintiff previously filed a Complaint with VA's Office of Resolution Management ("ORM"), that was appealed to the Equal Employment Opportunity Commission ("EEOC"), but was dismissed on May 23, 2016, because Plaintiff's February 14, 2016 Complaint in the United States Court of Federal Claims concerned the same underlying issues. *See* Government's 8/2/2016 Motion To Dismiss Exhibit 1, ECF No 10–1. The documents requested by Plaintiff evidencing payments to other employees, however, may be relevant to any new complaint Plaintiff may wish to file with the EEOC, but are not relevant in determining whether the court has jurisdiction in this case.

For these reasons, the Government will file the documents requested by the court in the January 10, 2017 Memorandum Opinion and Order no later than March 10, 2017.  At present, the court declines to authorize the extensive discovery requested by Plaintiff at the pleadings stage.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**
